UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DAVID ABELN,

                              Plaintiff,

                                                                                    <u>DECISION AND ORDER</u>

                                                                                    07-CV-6113L

                              v.

ULTRA LIFE BATTERIES,

                              Defendant.
_____

       Plaintiff, a former employee of defendant Ultralife Batteries, Inc. ("Ultralife"), brings this action alleging that Ultralife terminated his employment in retaliation for his complaint about a sexually inappropriate comment in the workplace, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000 et seq., and the New York State Human Rights Law, N.Y. Exec. Law §290 et seq.

       Plaintiff was initially employed by Ultralife in November of 1998, ultimately attaining the position of ERP/MARO Manager, which he occupied from 2004-2006. In 2004, Ultralife hired an outside employee, Doug Sengillo ("Sengillo") into the position of Materials Manager, supervising plaintiff and others. The working relationship between Sengillo and plaintiff was "sometimes difficult," and the two periodically disagreed over work-related issues. (Dkt. #15, Att. 1, Exh. A at 41, 42).

In December 2005, plaintiff, Sengillo, and purchasing agent Kevin Howell ("Howell") participated in a conference at Ultralife. Upon learning that a fourth employee would not be attending or phoning in because he was vacationing with his girlfriend, Sengillo commented that the employee was "probably getting his brains f—ed out." Plaintiff complained about the vulgar comment to Ultralife Human Resource Manager Samantha Derrick ("Derrick"). Derrick instructed plaintiff that she would investigate, but warned him that she could not promise to keep his complaint 100% confidential.

After speaking with Sengillo and Howell, who confirmed plaintiff's account, Derrick gave Sengillo a verbal warning and Sengillo apologized to plaintiff for the remark.

In April 2006, four months later, plaintiff was terminated by Ultralife on the grounds of insubordination, after refusing an order by Sengillo to delegate a portion of his job responsibilities to another employee.

Plaintiff thereafter filed a timely complaint with the New York State Division of Human Rights ("NYSDHR"). The NYSDHR dismissed plaintiff's complaint on the basis of administrative convenience, and plaintiff was issued a "Right to Sue" letter on or about January 24, 2007. Plaintiff commenced the instant action on February 3, 2007, alleging retaliatory termination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq. and the New York State Human Rights Law, N.Y. Exec. Law §290 et seq.

For the reasons set forth below, Ultralife's motion for summary judgment (Dkt. #11) is granted.

## DISCUSSION

**I.     Standard on a Motion for Summary Judgment**

Summary judgment will be granted if the record demonstrates that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Although courts should be cautious about granting summary judgment in cases where motive, intent or state of mind are at issue, a common component of discrimination actions, *see Dister v. Cont'l Group, Inc.*, 859 F.2d 1108, 1114 (2d Cir.1988); *Montana v. First Federal Savings and Loan Ass'n of Rochester*, 869 F.2d 100, 103 (2d Cir.1989), "the salutary purposes of summary judgment – avoiding protracted, expensive and harassing trials – apply no less to discrimination cases than to… other areas of litigation." *Meiri v. Dacon*, 759 F.2d 989, 998 (2d Cir.1985) (summary judgment rule would be rendered sterile if mere incantation of intent or state of mind would act as a talisman to defeat an otherwise valid motion). *See also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 148 (2000), *quoting St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 524 (1993) (trial courts should not "treat discrimination differently from other ultimate questions of fact"). To defeat a motion for summary judgment[,] a plaintiff cannot rely on mere 'conjecture or surmise.'" *Heilweil v. Mount Sinai Hosp.*, 32 F.3d 718, 723 (2d Cir. 1994). "The summary judgment rule would be rendered sterile […] if the mere incantation of intent or state of mind would operate as a talisman to defeat an otherwise valid motion." *Meiri*, 759 F.2d 989 at 998. Thus, in order to avoid summary judgment, a plaintiff "must come forward with at least some credible evidence that the actions of the

[defendants] were motivated by [… ] animus or ill-will." *Grillo v. New York City Transit Auth.*, 291 F.3d 231, 234 (2d Cir. 2002).

## II. Plaintiff's Retaliation Claim

Retaliation claims are analyzed within the familiar burden-shifting framework of *McDonnell Douglas Corp. v. Green*. *McDonnell Douglas*, 411 U.S. 792 (1973). On a motion for summary judgment, the plaintiff must first establish a *prima facie* case of retaliation by showing that: (1) he participated in protected activity; (2) the protected activity was known to the employer; (3) plaintiff was thereafter subjected to an adverse employment action; and (4) there is evidence of a causal relationship between the adverse employment action and the protected activity. Once the plaintiff has done so, the burden shifts to the defendant to establish a legitimate, non-retaliatory basis for the complained-of action. If the defendant does so, the burden returns to plaintiff, who must show that the legitimate, non-retaliatory reason articulated by the defendant is a mere "pretext," and that retaliation was more likely than not the reason for the complained-of action. *See Schnabel v. Abramson*, 232 F.3d 83, 90 (2d Cir. 2000); *Gallagher v. Delaney*, 139 F.3d 338, 349 (2d Cir. 1998).

"Protected activity" has a certain meaning in the context of complaints alleging unlawful discrimination in employment. Such activity does not include all acts that occur at the work place or all disputes and disagreements among employees or their supervisors.

Protected activity has been defined as that which opposes unlawful employment practices under Title VII. *See* 42 U.S.C. § 2000e-3(a). The plaintiff "need not establish that the conduct he opposed was actually a violation of Title VII, but only that he possessed a 'good faith, reasonable belief that the underlying employment practice was unlawful' under that statute." *Galdieri-*

[defendants] were motivated by [… ] animus or ill-will." *Grillo v. New York City Transit Auth.*, 291 F.3d 231, 234 (2d Cir. 2002).

## II. Plaintiff's Retaliation Claim

Retaliation claims are analyzed within the familiar burden-shifting framework of *McDonnell Douglas Corp. v. Green*. *McDonnell Douglas*, 411 U.S. 792 (1973). On a motion for summary judgment, the plaintiff must first establish a *prima facie* case of retaliation by showing that: (1) he participated in protected activity; (2) the protected activity was known to the employer; (3) plaintiff was thereafter subjected to an adverse employment action; and (4) there is evidence of a causal relationship between the adverse employment action and the protected activity. Once the plaintiff has done so, the burden shifts to the defendant to establish a legitimate, non-retaliatory basis for the complained-of action. If the defendant does so, the burden returns to plaintiff, who must show that the legitimate, non-retaliatory reason articulated by the defendant is a mere "pretext," and that retaliation was more likely than not the reason for the complained-of action. *See Schnabel v. Abramson*, 232 F.3d 83, 90 (2d Cir. 2000); *Gallagher v. Delaney*, 139 F.3d 338, 349 (2d Cir. 1998).

"Protected activity" has a certain meaning in the context of complaints alleging unlawful discrimination in employment. Such activity does not include all acts that occur at the work place or all disputes and disagreements among employees or their supervisors.

Protected activity has been defined as that which opposes unlawful employment practices under Title VII. *See* 42 U.S.C. § 2000e-3(a). The plaintiff "need not establish that the conduct he opposed was actually a violation of Title VII, but only that he possessed a 'good faith, reasonable belief that the underlying employment practice was unlawful' under that statute." *Galdieri-*

*Ambrosini v. Nat'l Realty & Dev. Corp.*, 136 F.3d 275, 292 (2d Cir. 1998), *quoting Reed v. A.W. Lawrence & Co.*, 95 F.3d 1170, 1178 (2d Cir. 1995). The reasonableness of that belief is to be determined in light of the totality of the circumstances. *Id*.

Because it is the totality of the circumstances, and not merely the circumstances that gave rise to the complaint in question, which determine the reasonableness of the employee's belief, courts exploring the issue of protected activity have consistently concluded that a single, isolated inappropriate comment is generally insufficient to engender a reasonable belief that a Title VII violation has occurred. *See Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 270-271 (2001) (finding no protected activity where plaintiff complained that her coworkers commented and laughed about a sexually explicit comment related in a job application they were reviewing, because "[n]o reasonable person could have believed that the single incident [alleged by plaintiff] violated Title VII's standard"); *Reed*, 95 F.3d 1170, 1179 (noting that female employee's complaint about a single sexist comment by a coworker "would not have passed the 'good faith reasonableness test'" absent evidence of additional comments and demeaning treatment toward plaintiff); *Khan v. Hip Centralized Lab. Servs., Inc.*, 2008 U.S. Dist. LEXIS 76721 at *6 (E.D.N.Y. 2008) (it is "likely true" that the good faith reasonableness test cannot be satisfied "where the objectionable comment is an isolated or passing incident").

Clearly not every rude, "off color," or sexually explicit remark uttered in the work place constitutes grounds to commence a federal lawsuit alleging employment discrimination. This is especially so when there is but a single, isolated incident. Federal courts are not designed to be arbiters of good taste. More is required.

"Sexual harassment is actionable under Title VII only if it is 'so severe or pervasive as to alter the conditions of [the victim's] employment and create an abusive working environment.'" *Clark County Sch. Dist.*, 532 U.S. 268 at 270, *quoting Faragher v. Boca Raton*, 524 U.S. 775, 786 (1998) (internal quotations omitted). "'[W]hether an environment is sufficiently hostile or abusive' must be judged 'by looking at all the circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.'" *Clark County Sch. Dist.*, 532 U.S. 268 at 270, *quoting Faragher*, 524 U.S. 775 at 787-788 (internal quotations omitted).

Based upon the totality of the circumstances presented here and construing all inferences in favor of plaintiff as a nonmovant, I find that plaintiff could not have had a reasonable belief that his complaint concerning Sengillo's isolated, "offensive utterance" constituted sexual harassment, or concerned any other employment practice prohibited by Title VII. It is undisputed that Sengillo's comment, while inappropriate and unprofessional, was not specifically directed toward plaintiff, and plaintiff does not allege that he was humiliated, embarrassed or offended to the extent that the terms and conditions of his employment were altered. Plaintiff has not alleged, nor does the record reveal, any other or further comments or conduct by Sengillo, or anyone else at Ultralife, that is of a sexual nature, or that could otherwise be characterized as sufficiently serious, triggering Title VII.

Plaintiff has failed to demonstrate that he engaged in "protected activity." Whether plaintiff complained about the single comment of Sengillo is not controlling. Employees complain about a myriad of matters during the course of their employment. The conduct complained of, as a matter

of law, did not constitute an unlawful employment practice and was clearly insufficient to create a reasonable belief that a Title VII violation occurred.

Although defendant has advanced a legitimate reason for plaintiff's discharge, that is, insubordination, plaintiff's complaint fails for a more basic reason. Plaintiff has failed to establish that he engaged in protected activity as that term has been interpreted in the context of employment discrimination actions. He has, therefore, failed to establish a *prima facie* case of retaliation and dismissal of the complaint if warranted.

## CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment dismissing the complaint (Dkt. #11) is granted, and the complaint is dismissed, with prejudice.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
      March 30, 2009.